IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BOBBY JAMES MOSLEY, JR. #533268, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 3:23-cv-00386 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Bobby James Mosley, Jr., filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 and has now paid the filing fee. Petitioner also filed a motion to amend Respondent's name (Doc. No. 4) and a motion for a preliminary injunction. (Doc. No. 6). The Petition is before the Court for preliminary review. Habeas Rule 4; Habeas Rule 1(b). As explained below (and as explained to Petitioner several times in other cases), the allegation underlying the Petition—that the phrase "cleared by arrest" on a police report means that Petitioner was cleared of all legal wrongdoing—is frivolous. So this case will be summarily **DISMISSED**.

### I. BACKGROUND

Petitioner is challenging his detention pursuant to an ongoing criminal prosecution in Davidson County. (Doc. No. 1 at 1). The Petition references two Davidson County cases: 2015-C-1953 ("First Case") and 2016-A-15 ("Second Case"). (*Id.* at 2, 7). The First Case charges Petitioner with aggravated assault with a deadly weapon, and the Second Case charges him with attempted first-degree murder and aggravated assault.[1] Petitioner alleges that his detention is unlawful

---

[1] The Court takes judicial notice of this information from the Davidson County Criminal Court database, which is publicly available. *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/1846545 %5E4375142%5ECJIS/BOBBY%5EMOSLEY%5E05271969%5E533268/ (First Case), https://sci.ccc. nashville.gov/Search/CaseSearchDetails/1886203%5E4474996%5ECJIS/BOBBY%5EMOSLEY%5E052

because police paperwork from July 2015 related to alleged conduct that forms the basis of his charges lists the "disposition" as "cleared by adult arrest." (*Id.* at 1–2, 6–7). Petitioner asserts that: 1) he did not receive notice of this paperwork, which violated his due process rights; and 2) the true bills of his indictments were "fabricated" because they reference this paperwork. (*Id.*).

## II. ANALYSIS

The Court must summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. A petition meets this standard "when it raises 'legally frivolous claims' or 'factual allegations that are palpably incredible or false.'" *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) (citations omitted). Here, the allegations forming the basis of the Petition are frivolous.

This is not the first time that Petitioner has presented this Court with the allegation at the center of the Petition—that he is in possession of paperwork showing that he was "cleared by adult arrest" for conduct forming the basis of the charges against him, which Petitioner has always interpreted to mean something along the lines of "freed from accusation or blame." (*See* Doc. No. 1 at 7). And the Court has repeatedly explained to Petitioner that his interpretation is incorrect.

Petitioner first made that allegation in May 2018, through a pro se civil rights complaint filed under 42 U.S.C. § 1983. *See Mosely v. Doe, et al.*, No. 3:18-cv-00411, Doc. No. 1. After the Court dismissed the complaint, Petitioner repeated his "cleared-by-arrest" allegation in two post-dismissal filings. *See id.*, Doc. Nos. 5, 6. The Court then explained why that argument is baseless:

> [A]lthough it is not necessary to the disposition of the plaintiff's motion, the court wishes to correct a factual misconception that seems to underlie the proceedings in this case. It appears that the plaintiff believes that he is unlawfully detained because he mistakenly construes the phrase "cleared by arrest" on a police report to mean that he was cleared of wrongdoing, "which entitled Plaintiff to be released." (Doc. No. 6 at 2.) But the disposition status on which the plaintiff relies actually reflects

---

71969%5E533268/ (Second Case) (last visited June 30, 2023); Fed. R. Evid. 201(b) (allowing notice of facts "accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

> that the reported crime has been solved, or "cleared" by the arrest of a suspect. As the Metropolitan Nashville Office of Internal Audit has explained in a public government record of which the court takes judicial notice:
>
>> Users of crime reports are often not only interested in the number of crimes being committed but also how many of these reported crimes are being solved, or "cleared." This is known as the crime incident "status."
>>
>> A status of open means the crime incident is still considered active and has not been otherwise closed.
>>
>> To be cleared by arrest, at least one person must be arrested, charged with the commission of the offense and turned over to the court for prosecution.
>
> Audit of the Metropolitan Nashville Police Department's Crime Statistical Reporting Process (June 24, 2011) (https://www.nashville.gov/Portals/0/SiteContent/InternalAudit/docs/FY2011/PoliceCrimeStatisticalReporting_110624.pdf). Accordingly, it was the plaintiff's arrest and pending prosecution that "cleared" the criminal investigation, and there is no conflict between the report and his continuing detention awaiting trial.

*Id.*, Doc. No. 7 at 2–3. Undeterred, Petitioner filed another post-dismissal motion with the same discredited "cleared-by-arrest" argument, forcing the Court to debunk it again. *See id.*, Doc. No. 13 at 2 ("Once again, 'cleared by arrest' does not mean that the plaintiff was cleared of any criminal wrongdoing[.]"). The Court also imposed a sanction against Petitioner, directing the Clerk to docket any further filings submitted by Petitioner in that case (other than a notice of appeal) as new case. *Id.* at 2. At that time, the Court warned Petitioner that "filing any additional repetitious or frivolous claims in this court . . . may result in more severe sanctions." *Id.* at 3.

Yet that is just what Petitioner has done. In a November 2020 filing, Petitioner repeated the "cleared-by-arrest" argument, which the Court described as a "wholly unfounded claim that [Mosely Jr.] is entitled to immediate release from incarceration because law enforcement records indicate that the investigation into the crimes for which he was charged was 'cleared' by his arrest." *Mosely v. Doe*, No. 3:20-cv-00950, Doc. No. 3 at 2. Petitioner again repeated that argument in

3

February and March 2023 filings, and the Court again (albeit after Petitioner filed this habeas petition) told Petitioner that the argument is "wholly unfounded." *Mosley v. Moreland, et al.*, No. 3:23-cv-00539, Doc. No. 4 at 2.

Petitioner's allegation does not carry any more weight when presented in a habeas corpus petition rather than a Section 1983 case or other miscellaneous filing. What was true in 2018 is still true now: Petitioner cannot rely on the phrase "cleared by arrest" on some police paperwork to end his prosecution and obtain his release from jail. The habeas petition under review in this case, however, is an attempt to do just that. So this case will be summarily dismissed.

### III. CONCLUSION

For these reasons, the Petition (Doc. No. 1) is **DISMISSED** without prejudice, and Petitioner's motions (Doc. Nos. 4, 6) are **DENIED** as moot. The Clerk is directed to close the file.

Petitioner cannot appeal this adverse final order without a certificate of appealability (COA). Habeas Rule 11(a). A COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

Petitioner has not satisfied this standard, so the court **DENIES** a COA. If Petitioner files a notice of appeal in this Court, however, he may request a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE